(No. 2273— )

CHARLES BAKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1936.*
*Rehearing denied October 15, 1937.*

FRANK R. EAGLETON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On November 16, 1933, this claim was filed under the Workmen's Compensation Act, alleging that on or about September 26, 1929, the claimant was duly appointed to the highway maintenance police at a salary of One Hundred Seventy-five Dollars ($175.00) per month, and from then on, performed all the duties of that employment up to June 18, 1932, when he was injured while riding his motorcycle near the City of Sumner, Illinois; that said injury occurred when one Oscar Baird started his car which was parked on the side of the road and made a left turn directly in front of the claimant, causing the claimant to strike the left side of said car head on; that as a result of the accident, the claimant received a badly wrenched back, a badly sprained right arm

and shoulder and sustained injuries to his right leg and right foot, and as a result, the claimant was unable to work at his employment from the date of the injury to July 2, 1932. It appears that the respondent has paid all the medical bills with the exception of a small amount for medicines which were required for home treatment after his being discharged by the doctor to return to work.

The claimant has no children under sixteen years of age but has a wife, who is dependent upon him.

It is now claimed that he has a permanent disability of twenty-five (25%) to his right leg.

As said above, the accident occurred on June 18, 1932, and the claim was filed herein on November 16, 1933.

Section 6 of the Court of Claims Act provides that this court must hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act."

The Attorney General argues that under Section 24 of the Workmen's Compensation Act, claimant is now barred from presenting his claim, and this court has no jurisdiction of the case. In the case of *William Hopkins* vs. *State of Illinois,* No. 2097, we recently decided similar questions and what is said therein, applies with equal force to this case.

We must, therefore, dismiss this case for want of jurisdiction.